IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **PLAINTIFF UNITED STATES'** |
| | ) | **MEMORANDUM IN SUPPORT** |
| Plaintiff, | ) | **OF ITS MOTION FOR LEAVE** |
| | ) | **TO AMEND ITS COMPLAINT** |
| v. | ) | |
| | ) | |
| STACY STURDEVANT, and AIMCO | ) | Civil Action No. 2:07-cv-02233 |
| PROPERTIES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

The Plaintiff United States respectfully moves this Court, for good cause and for the reasons stated below, to grant the United States leave to amend its complaint. Based on information learned by the United States in the course of its ongoing investigation into the defendants' housing practices and information learned in discovery, the United States now seeks to amend its complaint to add five defendants that the United States alleges are responsible for the housing discrimination, as well as to add a pattern or practice claim alleging race discrimination.

## II. BACKGROUND

This action involves the Central Park Towers Apartments ("CPT"), an apartment building containing 195 units for the disabled or elderly located at 15 North 10th Street, Kansas City, Kansas. The United States' original complaint, filed on June 1, 2007, alleges that Defendant Stacy Sturdevant, the former property manager at CPT, and AIMCO Properties, L.P. ("AIMCO Properties"), Sturdevant's employer, coerced, intimidated, threatened, or interfered with Melissa Kothe's exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other person in the exercise or enjoyment of,

rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, in violation of Section 818 of the Act, 42 U.S.C. § 3617.

The United States' proposed amended complaint alleges that the conduct of American Management & Investment Company d/b/a AIMCO (hereinafter referred to as "AIMCO"), AIMCO-GP, Inc., NHPMN Management, LLC ("NHPMN"), NHP Management Company ("NHP Management"), and Central Park Towers II, L.P. ("CPTII") also violated Section 818 of the Act, 42 U.S.C. § 3716.  In addition, the proposed amended complaint seeks to add a pattern or practice claim, pursuant to Section 814(a) of the Act, 42 U.S.C. § 3614(a), alleging that defendants Sturdevant, AIMCO Properties, AIMCO, AIMCO-GP, Inc., NHPMN, NHP Management, and CPTII, discriminated in the terms, conditions, or privileges of the rental of a dwelling to renters because of race, in violation of Section 804(b) of the Act, 42 U.S.C. § 3604(b).

### III.  ARGUMENT

Federal Rule of Civil Procedure, Rule 15(a) states that leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In Foman v. Davis, the Supreme Court emphasized that the Rule's command that leave be "freely given" is a "mandate [that] is to be heeded."  371 U.S. 178, 182 (1962).  As the Court explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Id.  The Tenth Circuit has further recognized "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Hardin v.

Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982), and that leave should be granted "liberal[ly]" to affect this purpose.  Calderon v. Kansas Dep't of Soc. & Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999).  As set forth below, the United States has satisfied the legal standard for leave to amend its complaint.

The United States' request to amend is timely and is not sought in bad faith.  Since filing its original complaint, the United States obtained additional information relevant to its amendment determination, including the receipt of defendant AIMCO Properties' discovery responses on April 4, 2008.  The United States then moved as promptly as possible to amend its complaint to meet the April 21, 2008 deadline for amending the pleadings and adding additional parties, as established by the Court's revised Scheduling Order dated March 26, 2008.

The amendment is not sought in bad faith, but rather to enforce The Fair Housing Act and to ensure that all responsible parties are named in the lawsuit.  The amended complaint, in part, alleges that defendant Sturdevant, as manager of CPT, openly displayed and distributed racially hostile materials, symbols, and items on the CPT premises, including hangman's nooses, and treated white residents more favorably than African-Americans in the terms and conditions of their housing at CPT.  Section 804 of the Fair Housing Act prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race."  42 U.S.C. § 3604(b).  The Act thus prohibits racially "offensive behavior [that] unreasonably interfere[s] with [the] use and enjoyment of the premises."  Smith v. Mission Assoc. Ltd. P'ship, 225 F. Supp. 2d 1293, 1298 (D. Kan. 2002) (quoting Honce v. Vigil, 1 F.3d 1085, 1090 (10th Cir. 1993)).

In its proposed amended complaint, the United States alleges that all the defendants are

responsible for the discriminatory conduct, and thus, violated the FHA.  AIMCO, as employer, exercised control or had the power to exercise control over Sturdevant's management of CPT as well as over the employees that terminated Melissa Kothe on the basis of retaliation.  As a result, it is vicariously liable for Sturdevant's actions and the actions of the employees that retaliated against Kothe.  See Meyer v. Holley, 537 U.S. 280, 285 (2003) ("[T]he [Fair Housing] Act imposes liability without fault upon the employer in accordance with traditional agency principles.").

AIMCO Properties and AIMCO-GP, Inc., AIMCO Propeties' general partner, manage the daily operations of AIMCO and own substantially all of AIMCO's assets.  AIMCO Properties/AIMCO-GP, Inc. and AIMCO operate as a "single employer" for purposes of vicarious liability.  See, e.g., Sandoval v. Boulder Regional Communications Ctr., 388 F.3d 1312, 1322 (10th Cir. 2004).

NHPMN, the property management company for CPT during the time that Sturdevant was the property manager, had the power to exercise control over Sturdevant's management of CPT and is vicariously liable for her discriminatory conduct.  See, e.g., Meyer, 537 U.S. 277; Marr v. Rife, 503 F.2d 735, 741 (6th Cir. 1974) ("The discriminatory conduct of an apartment manager or rental agent, is as a general rule, attributable to the owner and property manager of the apartment complex, both under the doctrine of respondeat superior and because the duty to obey the law is non-delegable") (quoting United States v. Youritan Constr. Co., 370 F. Supp. 643, 649 (N.D. Cal. 1973)).

NHP Management issued the paychecks for Sturdevant and her supervisors, and, upon information and belief, exercised control or had the power to exercise control over Sturdevant

and her supervisors, making it vicariously liable for Sturdevant's discriminatory conduct.  See Meyer, 537 U.S. at 285.

CPTII, the owner of CPT at the time that Sturdevant was the property manager, had the power to exercise control over Sturdevant's management of CPT and is vicariously liable for Sturdevant's discriminatory conduct.  See Meyer, 537 U.S. at 286 (owner of property may be held liable for illegal discrimination that occurs on the property where the perpetrator was the agent of the owner).

In addition, the defendants will not be unduly prejudiced by an amendment of the complaint.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment,'" Minter, 451 F.3d at 1208 (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971), and this most often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  Id.

Here, the allegations in the United States' amended complaint, like the allegations in its original complaint, arise, in part, from the discriminatory conduct of Sturdevant.  Moreover, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is undue prejudice to the opposing party."  A.V. by Versace, Inc. v. Gianni Versace, S.P.A., 87 F. Supp. 281 (S.D.N.Y. 2000) (quoting and adding emphasis to Foman v. Davis)). AIMCO, AIMCO-GP, Inc., NHPMN Management, LLC, and NHP Management, as entities affiliated with AIMCO Properties, received notice of their potential liability for the discriminatory conduct during HUD's administrative complaint process, especially since on or about April 20, 2007, the Secretary of HUD issued a Charge of Discrimination pursuant to 42

U.S.C. § 3610(g)(2)(A), charging, in part, AIMCO Properties, NHPMN, and CPTII, with engaging in a discriminatory housing practice in violation of Section 818 of the Fair Housing Act.  AIMCO, AIMCO-GP, Inc., NHPMN, as well as NHP Management, as entities affiliated with AIMCO Properties, also have had notice of this lawsuit since June 1, 2007, the date the United States filed its complaint.  In addition, CPTII, as a party that was charged with engaging in illegal discrimination HUD, has also had notice of its potential liability for the discriminatory conduct that occurred on its property.

Furthermore, the parties are in the beginning stages of the discovery process.  At this juncture, only written discovery has been issued by the United States and the parties have not yet taken depositions.  Currently, the discovery cut-off date in this case is July 2, 2008.  If the United States' motion to amend is granted, however, the United States does not object to modification of the scheduling order.

## IV.  CONCLUSION

For the reasons stated above, the United States' Motion for Leave to Amend Its Complaint should be granted.

Respectfully submitted,

*For the United States*:

| | |
|---|---|
| ERIC F. MELGREN<br>United States Attorney<br>District of Kansas | GRACE CHUNG BECKER<br>Acting Assistant Attorney General |
| | /s/ Ryan G. Lee |
| CHRISTOPHER ALMAN<br>Civil Coordinator<br>Office of the United States Attorney<br>District of Kansas<br>500 State Ave., Suite 360<br>Kansas City, KS  66101<br>Tel.: (913) 551-6730<br>Fax: (913) 551-6541 | STEVEN H. ROSENBAUM<br>Chief<br>KEISHA DAWN BELL<br>Deputy Chief<br>RYAN G. LEE<br>Trial Attorney<br>United States Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, N.W.<br>Northwestern Building, 7th Floor<br>Washington, DC  20530<br>Wis. Bar No. 1041468<br>Tel.: (202) 305-3109<br>Fax: (202) 514-1116<br>email: ryan.lee@usdoj.gov |

Dated: April 21, 2008

Certificate of Service

       I, Ryan G. Lee, certify that on this 21st day of April, 2008, I sent a copy of the *Plaintiff United States' Memorandum in Support of Its Motion For Leave To Amend Its Complaint,* by email to the following individuals:

Scott M. Badami
Bryan Cave, LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005
Tel.: (202) 508-6116

Rebecca S. Jelinek
Bryan Cave, LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105-2100
Tel.: (816) 374-3200
Fax: (816) 374-3300
Email: rsjelinek@bryancave.com

Steven C. Effertz
Truman Law Building
14701 E. 42nd Street
Independence, MO 64055
Tel.: (816) 373-5590
Fax: (816) 373-2112
Email: stevesme@swbell.net

          /s/ Ryan G. Lee
          RYAN G. LEE