## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-2233-KHV-DJW |
| | ) | |
| STACY STURDEVANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CORPORATE DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO UNITED STATES' APPLICATION FOR ENTRY OF DEFAULT

Defendants AIMCO Properties, L.P.; AIMCO-GP, Inc.; Apartment Investment Management

Company d/b/a AIMCO; NHPMN Management, LLC; NHP Management Company; and Central

Park Towers II, L.P. (collectively, "Corporate Defendants") submit this memorandum in opposition

to Plaintiff United States' Application for Entry of Default ("United States' Application"), filed

November 25, 2008 (Doc. #77).  The United States' Application seeks an entry of default against

Defendant Stacy Sturdevant under Rule 55(a), Fed. R. Civ. P.  Because the Clerk of the Court has

not yet acted on the United States' Application, the Corporate Defendants present their arguments

to the Court why Sturdevant's default should not be entered.

### Background

1.      On June 1, 2007, the United States filed its original Complaint in this matter (Doc.

#1), asserting claims against two defendants:  an individual, Stacy Sturdevant ("Sturdevant"), and

a corporate entity, AIMCO Properties, L.P.  Sturdevant retained counsel, Steven C. Effertz, and filed

an answer to the Complaint on September 4, 2007, in which she denied many of the allegations in

the Complaint (Doc. #6).  Defendant AIMCO Properties, L.P., retained separate counsel and filed

its answer to the Complaint on October 5, 2007 (Doc. #9), in which it similarly denied many of the allegations in the Complaint.

2.      On February 5, 2008, Sturdevant's counsel filed a Motion for Leave to Withdraw in this action (Doc. #20).  This motion recited that "Defendant Stacy Sturdevant has been unable to meet her financial obligations with regard to her attorney's fees and litigation costs, and has now elected to terminate counsel because of her inability to pay for costs of representation."  Motion for Leave to Withdraw (Doc. #20) at 1, ¶ 2.  The motion also indicated that Sturdevant had "elected to proceed pro se, and will represent herself in the defense of this lawsuit."  Id. at 1, ¶ 4.

3.      On February 14, 2008, the Court issued an Order denying the motion of Sturdevant's counsel for leave to withdraw (Doc. #29).  The Court found that the Motion for Leave to Withdraw did not comply with the requirements of D. Kan. Rule 83.5.5, and denied the motion without prejudice as to the refiling of an amended motion that complies with Rule 83.5.5.  Id.

4.      On July 29, 2008, the Court entered an Order (Doc. #47) vacating all deadlines in the Amended Scheduling Order that previously had been entered in this action.  This Order indicated that a new scheduling order would be entered after the Court ruled on the United States' pending Motion to Amend Complaint.

5.      On September 11, 2008, the Court issued a Memorandum and Order (Doc. #49) that granted the United States' Motion to Amend Complaint.  On September 18, 2008, the United States filed its First Amended Complaint, which joined five additional corporate defendants and added several new allegations (Doc. #51).  With the addition of the five new defendants by the filing of the First Amended Complaint, this action now has seven defendants:  Sturdevant and the six Corporate Defendants.  The discriminatory acts that the United States complains of are alleged to have been

-2-

committed solely by Sturdevant.   The causes of action against the Corporate Defendants are premised on a theory of vicarious liability for Sturdevant's alleged conduct.

7.     On November 18, 2008, the Court issued an Initial Order Regarding Planning and Scheduling, which set this case for a scheduling conference by telephone on January 8, 2009, at 3:00 p.m. (Doc. #73).

8.     All Defendants have answered the First Amended Complaint and/or moved to have the First Amended Complaint dismissed, except for Sturdevant who answered only the original Complaint.   Despite the fact that Sturdevant previously answered and denied the operative allegations and claims asserted by the United States in its original Complaint, the United States' Application seeks an entry of default on *all* allegations and claims against Sturdevant for failing to answer or otherwise plead in response to the First Amended Complaint.

9.     To date, Sturdevant's counsel has not filed an amended motion for leave to withdraw in compliance with D. Kan. Rule 83.5.5.   Therefore, he continues to be counsel of record for Sturdevant in this action, notwithstanding Sturdevant's stated inability to pay the attorney's fees and costs associated with the defense of the claims in this case.

### Argument

Rule 55, Fed. R. Civ. P., creates a two-step process of default by which a plaintiff first seeks an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b).  See Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995).  The Court is "vested with broad discretion" in applying Rule 55.  Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).  By rule, an entry of default is to be made by the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  In its discretion, however, the Court may direct the actions of the Clerk in this

regard.  See Hall v. Witteman, No. 07-4128-SAC, 2008 WL 686127, at *1 (D. Kan. Mar. 12, 2008).

Here, the Court should direct the Clerk ***not*** to enter Sturdevant's default at this time.

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause."  In

determining whether good cause exists to overcome an entry of default, the Court considers

"(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff

would be prejudiced if the default should be set aside; and (3) whether the defendant presented a

meritorious defense."  School-Link Techs., Inc. v. Applies Res., Inc., 471 F. Supp. 2d 1101, 1119

(D. Kan. 2007).  Because these factors are not "talismanic," the Court may consider additional

factors as well.  Crutcher v. Coleman, 205 F.R.D. 581, 584 (D. Kan. 2001).  "The standard for

setting aside an entry of default under Rule 55(c) is fairly liberal because 'the preferred disposition

of any case is upon its merits and not by default judgment.'"  Id. (quoting Gomes v. Williams, 420

F.2d 1364, 1366 (10th Cir. 1970)) (internal brackets omitted).

The United States' requested Entry of Default is not appropriate at this stage of the litigation.

Most importantly, it should not be entered if it would in any way affect the Corporate Defendants'

meritorious defenses in this case.  As noted above, the claims against all Defendants except

Sturdevant are premised on the theory that the Corporate Defendants are vicariously liable for

Sturdevant's alleged acts.  Normally, in cases of vicarious liability, the purported principal may

defend the action by challenging the allegations regarding its purported agent's conduct.  See

Restatement (Second) of Agency § 216 ("principal may be liable to another whose interests have

been invaded by the tortious conduct of a servant or other agent").  Here, the Corporate Defendants

should be free to defend themselves against the United States' allegations that Sturdevant committed

the discriminatory acts that are alleged in the First Amended Complaint.  While the Corporate

Defendants do not believe that a default against Sturdevant would bind them on matters related to Sturdevant's conduct, see Vale v. Bonnett, 191 F.2d 334, 337 (D.C. Cir. 1951) (default judgment, obtained with no consent of non-defaulting party, does not foreclose right of non-defaulting party to challenge conduct of defaulting party when such conduct forms basis of non-defaulting party's liability); Dvore v. Casmay, No. 06-CV-3076, 2008 WL 4427467, at *4-5 (N.D. Ill. Sept. 29, 2008) (entry of default does not preclude non-defaulting party from challenging defaulting party's conduct as it relates to claims against non-defaulting party), any action that the Court takes against Sturdevant should clearly reflect that it binds no other party.

Further, the United States can demonstrate no prejudice from a refusal to enter Sturdevant's default at this time.  The entry of default is a precursor to default judgment, which is a disfavored remedy that "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." In re Rains, 946 F.2d 731, 733 (10th Cir. 1991).  Here, the case has not been halted because of Sturdevant's failure to answer the First Amended Complaint. In fact, the United States has recently served written discovery requests and has taken the depositions of two witnesses.  AIMCO Properties, LP has deposed an additional witness.  The Corporate Defendants have also filed motions to dismiss, which have been fully briefed.  Nothing in the record suggests that the United States has somehow been impeded in its prosecution of the case by Sturdevant's failure to file an answer to the First Amended Complaint.  If necessary, the United States may revisit the default issue as the case develops.

Under these circumstances, good cause counsels against the entry of Sturdevant's default. Sturdevant answered the original Complaint and denied the United States' allegations against her. She evidently is now unable to afford counsel to represent her.  The United States should not be

allowed to use Sturdevant's inability to afford counsel to obtain an unfair tactical advantage in this action.  Out of an abundance of caution, the Corporate Defendants have chosen to make their case against Sturdevant's default before the United States' Application ripens into an entry of default or a default judgment.  Rather than wait for the Clerk to enter Sturdevant's default – at which point the Court would likely re-entertain these arguments in a motion to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) – the Court should exercise its discretion to direct the Clerk to deny the United States' Application for Sturdevant's default.

Respectfully submitted,

SHANK & HAMILTON, P.C.

By:_____/s/ Carole K. DeWald_____
          Carole K. DeWald     KS Bar #15105
          David L. Heinemann   KS Bar #14016
          2345 Grand Blvd., Suite 1600
          Kansas City, MO 64108
          Tele:  (816) 471-0909
          Fax:  (816) 471-3888

**Attorneys for Defendant Central Park Towers II Limited Partnership**


BRYAN CAVE LLP

By:_____/s/ Rebecca S. Jelinek_____
          Rebecca S. Jelinek KS Bar # 20322
          1200 Main Street, Suite 3500
          Kansas City, MO 64105-2100
          Tele:  (816) 374-3200
          Fax:  (816) 374-3300

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    /s/ Deborah B. Baum
           Deborah B. Baum (admitted pro hac vice)
           Maritza S. Nelson (admitted pro hac vice)
           2300 N Street NW
           Washington, DC 20037-1122
           Tele:  (202) 663-8772
           Fax:  (202) 663-8773

FOX ROTHSCHILD LLP

By:    /s/ Scott M. Badami
           Scott M. Badami (admitted pro hac vice)
           10 Sentry Parkway, Suite 200
           P.O. Box 3001
           Blue Bell, PA 19422
           Tele:  (610) 397-7974
           Fax:  (610) 397-0450

**Attorneys for Defendants AIMCO Properties, L.P., AIMCO-GP, Inc., Apartment Investment and Management Company d/b/a/ AIMCO, NHPMN Management, LLC, and NHP Management Company**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of December, 2008, the foregoing document was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Sean R. Keveney
Ryan G. Lee
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530

Chris Allman
Assistant United States Attorney
Office of the United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS 66101

**Attorneys for Plaintiff**

Steven C. Effertz
Truman Law Building
14701 East 42nd Street
Independence, MO 64055

**Attorney for Defendant Stacy Sturdevant**

Deborah B. Baum
Maritza S. Nelson
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037

Scott M. Badami
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422

Rebecca S. Jelinek
Bryan Cave LLP
1200 Main Street, Suite 3500
Kansas City, MO 64105

**Attorneys for Defendants AIMCO Properties, L.P., AIMCO-GP, Inc., Apartment Investment and Management Company d/b/a/ AIMCO, NHPMN Management, LLC, and NHP Management Company**

　　　　　/s/ Carole K. DeWald
Attorney for Defendant Central Park Towers
II Limited Partnership

-8-