DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  07-2233-KHV-DJW** |
| | ) | |
| **STACY STURDEVANT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER GRANTING IN PART MOTION TO AMEND AND ENTERING AMENDED SCHEDULING ORDER

Pending before the Court is Plaintiff's Motion to Modify Scheduling Order (doc. 120). Plaintiff asks the Court to amend the Scheduling Order (doc. 92) to extend the following deadlines by approximately 60 days: experts disclosed by Plaintiff, experts disclosed by Defendants, rebuttal experts disclosed, and independent medical examinations.  For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part, and the Scheduling Order (doc. 92) is hereby amended as set forth herein.

## I.    BACKGROUND

Plaintiff brought this action seeking to enforce the provisions the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act").[1]  On September 11, 2008, the Court granted Plaintiff leave to amend its Complaint and, on September 18, 2008, Plaintiff served its First Amended Complaint on Defendants alleging that Defendants, among other things, engaged in a pattern or practice of race discrimination, or denied a group of persons rights granted by the Fair Housing Act,

---

[1] *See* First Am. Compl. (doc. 51) at ¶ 1.

which denial raises an issue of general public importance.[2]  Specifically, Plaintiff alleges that Defendant Stacy Sturdevant, acting as the manager of Central Park Towers apartment complex, openly displayed and distributed racially hostile materials, openly and pervasively made racially derogatory and hostile remarks to African-American residents at Central Park Towers, treated Caucasian residents more favorably than African-American residents in the terms and conditions of their residency, and engaged in other discriminatory conduct on the basis of race.[3]  Plaintiff further alleges that Defendants AIMCO Properties, L.P., AIMCO-GP, Inc., AIMCO, NHPMN Management, LLC, NHP Management Company, and Central Park Towers II, L.P. all knew or should have known about Defendant Stacy Sturdevant's racially discriminatory conduct.[4]

Plaintiff now seeks to modify the Scheduling Order (doc. 92) to extend its deadline for expert disclosures, as well as the corresponding deadlines for Defendants to disclose their experts, rebuttal expert disclosures, and independent medical examinations.  All Defendants, with the exception of Defendant Stacy Sturdevant who did not file a response to the Motion, oppose this request.

## II.   STANDARD

Under Fed. R. Civ. P. 16(b), a scheduling order "may be modified only for good cause shown and with the judge's consent."[5]  "To establish good cause under Rule 16, the moving party must show that the deadline could not have been met with diligence."[6]  "Carelessness is not compatible

---

[2] *See id.* at ¶ 38.

[3] *See id.* at ¶¶ 32-35.

[4] *See id.* at ¶ 36.

[5] Fed. R. Civ. P. 16(b)(4).

[6] *Lipari v. U.S. Bancorp, N.A.*, Civ. A. No. 07-2146-CM, 2008 WL 2944909, at *2 (D. Kan.
(continued...)

with a finding of diligence and offers no reason for a grant of relief."[7]  "Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.'"[8]

## III.    ANALYSIS

According to Plaintiff, it intends to prove that the pervasive and severe nature of the discrimination in this case caused the alleged victims of Defendant Stacy Sturdevant's conduct to suffer emotional distress.[9]  Plaintiff states that to date it has identified and disclosed to Defendants 32 aggrieved persons who were allegedly injured by Defendants' conduct.[10]  Plaintiff claims that of the 32 alleged victims, 18 have signed medical release forms and have agreed to undergo a psychiatric evaluation.[11]  Plaintiff states that proof of the emotional distress suffered by these alleged victims will come in two forms at trial: (1) testimony by the alleged victims, and (2) medical testimony supporting the claims of at least some of the alleged victims.[12]  Plaintiff further states that the medical testimony will be based in part on the results of a review of medical records, standard psychological tests, and clinical evaluations by an expert in the field of psychiatry.[13]

---

[6](...continued)
July 28, 2008) (citations and internal quotations omitted).

[7] *Id.* (citations and quotations omitted).

[8] *Id.* (citations omitted).

[9] *See* Pl.'s Mot. to Modify Scheduling Order (doc. 120) at 3.

[10] *See id.*

[11] *See id.*

[12] *See id.*

[13] *See id.*

Plaintiff argues that the preparation of this medical testimony requires an extension of its expert disclosure deadline.  Plaintiff further argues that good cause exists to extend this deadline and submits two Declarations of Michael Stickley, a Paralegal Specialist in the Housing and Civil Enforcement Section of the Civil Rights Division, United States Department of Justice, in support of this argument.[14]  According to Plaintiff, it has worked diligently to collect the numerous medical records related to 18 of the alleged victims in this case and to schedule the psychiatric evaluations of these 18 alleged victims.  Plaintiff has encountered difficulties in gathering these medical records and scheduling these evaluations due in great part to the 18 alleged victims, many of whom do not have answering machines or voicemail systems and some of whom do not have a telephone.  The Court also notes that Defendant Central Park Towers II, L.P. claims, "It is no secret that most of the tenants at Central Park Towers Apartments have extremely low incomes, or that many of them are 'severely mentally ill.'"[15]  As a result of these difficulties, Plaintiff asks the Court to modify the Scheduling Order (doc. 92) to extend its expert disclosure deadline by 60 days.

Defendants oppose this request.  Defendants argue that Plaintiff has not shown good cause for the delay in gathering these medical records and scheduling these psychiatric evaluations. Defendants further argue that if the Court does grant Plaintiff's request, then Defendants should be granted an additional 120 days to disclose their experts in order to give Defendants sufficient time to evaluate the alleged victims and avoid prejudice to Defendants.

Having reviewed all relevant pleadings and arguments of counsel, it appears to the Court that the Motion should be granted in part and denied in part.  The Court concludes that Plaintiff has

---

[14] *See* Decl. of Michael Stickley (doc. 120-2) and Decl. Of Michael Stickley (doc. 125-2).

[15] Def. Central Park Towers II, L.P.'s Mem. in Opp'n to Pl.'s Mot. to Modify Scheduling Order (doc. 123) at 4 (citation omitted).

shown good cause to extend the following deadlines by approximately 30 days: experts disclosed by Plaintiff, experts disclosed by Defendants, rebuttal experts disclosed, and independent medical examinations.

## IV.    AMENDED SCHEDULING ORDER

For the foregoing reasons, the Court finds that good cause exists to grant in part and deny in part Plaintiff's Motion, and the Scheduling Order (doc. 92) is hereby amended as follows:

1.    Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, are due from Plaintiff by **May 29, 2009**, and from Defendants by **July 30, 2009**. Disclosures and reports by any rebuttal experts are due by **August 31, 2009**.

2.    The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by **August 31, 2009**.

The schedule adopted in this Order shall not be modified except by leave of court upon a showing of good cause.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Modify Scheduling Order (doc. 120) is granted in part and denied in part, and the Scheduling Order (doc. 92) is hereby amended as set forth herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of April 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

5