**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>             **Plaintiff,**  )<br>  )     **CIVIL ACTION**<br>v.  )     **No. 07-2233-KHV**<br>  )<br>STACY STURDEVANT, et al.,  )<br>  )<br>             **Defendants.**  )<br>_____)| |

**MEMORANDUM AND ORDER**

The United States of America brings suit against Stacy Sturdevant, AIMCO Properties L.P., AIMCO-GP, Inc., Apartment Investment and Management Company d/b/a AIMCO ("AIMCO"), NHPMN Management, LLC, NHP Management Company and Central Park Towers II, L.P. ("CPT II") under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601 et seq.[1]  See First Amended Complaint (Doc. #51) filed September 18, 2008.  This matter comes before the Court on the United States' Application For Entry Of Default (Doc. #77) filed November 25, 2008.  The United States requests entry of default against Stacy Sturdevant under Rule 55(a), Fed. R. Civ. P.  For reasons stated below, the Court sustains the application.

**Legal Standards**

Rule 55(a) provides for entry of default as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

---

[1] The Court refers collectively to AIMCO Properties L.P., AIMCO, NHPMN Management, LLC, NHP Management Company and CPT II as the corporate defendants.

Fed. R. Civ. P. 55(a). While Rule 55(a) authorizes the Clerk to enter default, it does not authorize default judgment. Rule 55 mandates a two-step process by which plaintiff must first receive an entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b). See Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995). Plaintiff may not proceed to default judgment before receiving an entry of default. See Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997). The party seeking entry of default must show that the party against whom default is sought has been properly served. See Everetson v. Topeka Ass'n. for Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005).

**Procedural Background**

On June 1, 2007, the United States filed suit against Stacy Sturdevant and AIMCO Properties L.P. for violation of the FHA. See Complaint (Doc. #1) filed June 1, 2007. On July 13, 2007, the United States personally served Sturdevant with the summons and complaint. See Doc. #2 file July 20, 2007. On September 4, 2007, Sturdevant filed a timely answer. See Separate Answer Of Stacy Sturdevant To Plaintiff's Complaint (Doc. #6).[2]

On February 5, 2008, counsel for Sturdevant, Steven C. Effertz, filed a motion for leave to withdraw, stating that Sturdevant was unable to pay him and would proceed pro se. See Doc. #20. On February 14, 2008, the Court denied the motion because it did not comply with the requirements of D. Kan. Rule 83.5.5. See Doc. #29. Effertz did not renew the motion and remains counsel of record for Sturdevant.

---

[2] Sturdevant sought and received two extensions of time to respond. See Docs. ##3, 4, 5, 7.

On September 18, 2008, with the Court's permission, plaintiff filed an amended complaint. See First Amended Complaint (Doc. #51) filed September 18, 2008. The amended complaint added new claims under the FHA and also added the following defendants: AIMCO, NHPMN Management, LLC, NHP Management Company and CPT II. Pursuant to Rule 12(a)(1), Sturdevant had 20 days, or until October 8, 2008 to file a response.[3] To date, Sturdevant has not responded to the amended complaint.[4]

**Analysis**

The United States requests the Clerk to enter default against Sturdevant under Rule 55(a), Fed. R. Civ. P. The corporate defendants oppose the application, arguing that the Clerk should not enter default because it may negatively affect their ability to defend plaintiff's claims against them, all of which are premised on vicarious liability based on Sturdevant's actions. The corporate defendants state that they believe that entry of default against Sturdevant would not legally bind them on matters relating Sturdevant's conduct. See Corporate Defendants' Memorandum In Opposition To United States' Application For Entry Of Default ("Corporate Defendants' Memorandum") (Doc. #86) filed December 31, 2008 at 5. They nevertheless contend that entry of default is inappropriate and that the Court should not enter default "if it

---

[3] On September 25, 2008, plaintiff filed a motion which requested the Court to find that by electronically serving the amended complaint on Sturdevant's counsel of record, it had properly served the amended complaint on Sturdevant. See Doc. #54. The Court agreed, finding that on September 18, 2008, plaintiff had served the amended complaint on Sturdevant pursuant to Fed. R. Civ. P. 5(b)(1) and D. Kan. Rule 5.4.2. See Doc. #61.

[4] On November 18, 2008, the Court ordered plaintiff to show cause why the Court should not dismiss this action for lack of prosecution as to Sturdevant. See Order To Show Cause (Doc. #74). In response to the show cause order, plaintiff filed its application for entry of default against Sturdevant. See Doc. #77 filed November 25, 2008. On January 5, 2009, the Court found that it would not dismiss the action for lack of prosecution as to Sturdevant. See Doc. #87.

would in any way affect the Corporate Defendants' meritorious defenses in this case." Id. at 4.

The United States contends that an entry of default will not in any way prejudice the corporate defendants' ability to defend the vicarious liability claims based on Sturdevant's conduct. In support of its position, the United States cites Dvore v. Casmay, No. 06-cv-3076, 2008 WL 4427467 (N.D. Ill. Sept. 29, 2008).[5] In that case, the court found that entry of default under Rule 55(a) was not a final adjudication on the merits and had no res judicata or collateral estoppel effect. See id. at *4. The court found that entry of default merely deprived the individual defendant of his standing in court to receive notice of the proceedings and the right to present evidence at the final hearing. See id. The court concluded that entry of default against the individual defendant had no effect on vicarious liability claims against his employer based on the individual's alleged conduct. See id. at **4-5. Based on Dvore and the United States position that entry of default will have no preclusive effect on its vicarious liability claims against the corporate defendants, the Court finds appropriate an entry of default against Sturdevant.

**IT IS THEREFORE ORDERED** that the United States' Application For Entry Of Default (Doc. #77) filed November 25, 2008 be and hereby is **SUSTAINED.** Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk shall enter default against Stacy Sturdevant.

Dated this 1st day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[5] The corporate defendants also cite Dvore to support their "belief" that an entry of default would not legally bind them on matters relating to Sturdevant's alleged conduct. See Corporate Defendants' Memorandum (Doc. #86) at 5.

-4-