DJW/2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No.  07-2233-KHV-DJW |
| | ) | |
| STACY STURDEVANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel of Defendant NHPMN Management, LLC and Memorandum in Support (doc. 149) filed by Defendant NHPMN Management, LLC ("NHPMN").  Pursuant to Fed. R. Civ. P. 37(a), NHPMN seeks an order from this Court compelling Plaintiff to fully answer NHPMN's First Set of Interrogatories, specifically Interrogatory Nos. 2, 4-13, 14-18, and 19.  The Motion is fully briefed and is therefore ripe for consideration.  For the reasons set forth below, the Motion is granted.

## I.     BACKGROUND[1]

This case involves alleged violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619

---

[1]  A more detailed background of this case can be found in the Court's July 6, 2009 Memorandum and Order Denying Request for Rule 35 Exams, Granting Request to Amend the Scheduling Order and Entering Amended Scheduling Order (doc. 171).

("Fair Housing Act"), at the Central Park Towers Apartments between January 2003 and July 2005.[2] Plaintiff United States filed this action seeking to enforce the Fair Housing Act on behalf of Melissa Kothe and other allegedly aggrieved persons.[3] Plaintiff's First Amended Complaint contains two counts. The first count focuses on the injuries suffered by Ms. Kothe due to the defendants' alleged violations of the Fair Housing Act.[4] The second count of Plaintiff's First Amended Complaint focuses on injuries suffered by an unknown group of victims of the defendants' alleged pattern or practice of race discrimination in violation of the Fair Housing Act.[5]

On March 10, 2009, NHPMN served its First Set of Interrogatories to Plaintiff.[6] Plaintiff served its answers to NHPMN's First Set of Interrogatories on April 27, 2009.[7] Plaintiff answered many of the interrogatories by referring NHPMN to deposition testimony and to Plaintiff's answers to interrogatories propounded by other defendants in this case. NHPMN, dissatisfied with Plaintiff's answers, filed this Motion.

## II.    CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel

---

[2] First Am. Compl. (doc. 51) at ¶¶ 1 and 4.

[3] *Id.* at ¶¶ 23-40.

[4] *Id.* at ¶¶ 26-30.

[5] *Id.* at ¶¶ 31-40.

[6] Certificate of Service (doc. 116).

[7] Certificate of Service (doc. 135).

concerning the matter in dispute prior to the filing of the motion."[8]  Therefore, before addressing the merits of NHPMN's Motion, the Court must determine whether NHPMN's counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[9]  Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[10]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[11]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[12]

The Court has reviewed the relevant pleadings and exhibits describing NHPMN's counsel's efforts to confer with Plaintiff's counsel before filing the Motion.  The Court notes that Plaintiff does

---

[8] D. Kan. Rule 37.2.

[9] Fed. R. Civ. P. 37(a)(1).

[10] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[11] D. Kan. Rule 37.2.

[12] *Id.*

not argue that NHPMN's counsel failed to confer with Plaintiff's counsel before filing this Motion. The Court concludes that the communications between NHPMN's counsel and Plaintiff's counsel demonstrate that NHPMN's counsel made reasonable efforts to confer with Plaintiff's counsel concerning the matters in dispute before filing the Motion.  Having concluded that the conferring requirements were satisfied, the Court will address the merits of the Motion.

## III.    STANDARD

Fed. R. Civ. P. 33 allows a party to serve on any other party 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the court.[13]  In this case, the Court entered a Scheduling Order (doc. 92) allowing the parties to serve 30 interrogatories, including all discrete subparts, on any other party.  "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."[14]  Each interrogatory, to the extent it is not objected to, must "be answered separately and fully in writing under oath."[15]  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[16]

Under Fed. R. Civ. P. 33(d), if the answer to an interrogatory may be determined by reviewing a party's business records and if the burden of deriving the answer is substantially the same for either party, then the responding party may answer the interrogatory by specifying the

---

[13] Fed. R. Civ. P. 33(a)(1).

[14] Fed. R. Civ. P. 33(a)(2).

[15] Fed. R. Civ. P. 33(b)(3).

[16] Fed. R. Civ. P. 33(b)(4).

records that must be reviewed with sufficient detail so as to enable the interrogating party to find and identify the records as readily as the responding party could.[17]

## IV.    INTERROGATORIES

Pursuant to Fed. R. Civ. P. 37(a), NHPMN seeks to compel Plaintiff to fully respond to Interrogatory Nos. 2, 4-13, 14-18, and 19.

### A.    Scope of this Order

Before addressing each interrogatory in dispute, the Court must clarify the scope of this Order.  Plaintiff made several general and specific objections to NHPMN's interrogatories and then answered the interrogatories subject to these objections.  However, for most of the interrogatories in dispute, NHPMN did not take issue with or even discuss these objections in its Motion. Plaintiff's response to NHPMN's Motion is also silent as to most of these objections.  Instead, the parties focused on the sufficiency of the answers provided by Plaintiff to each of the interrogatories in dispute.  There are only a few instances where the parties actually argued about a specific objection.  Thus, the Court finds that the objections not discussed by the parties are not before the Court and, therefore, the Court will not determine the validity of these objections.  The Court will, however, analyze those objections argued about and therefore raised by the parties.        In sum, this Order only addresses the sufficiency of Plaintiff's answers to each of the interrogatories in dispute as well as the validity of those objections actually discussed by the parties.

### B.    Interrogatory No. 2

Interrogatory No. 2 asks Plaintiff to state with specificity the factual basis supporting its allegation that "hangman's nooses" were openly displayed at Central Park Towers Apartments,

---

[17] Fed. R. Civ. P. 33(d).

including where the nooses were displayed and the identity of each individual who observed the noose(s).[18] Plaintiff answered Interrogatory No. 2 by generally referring NHPMN to the deposition testimony of Melissa Kothe and Charyle Mae Gordon and directing NHPMN to review Plaintiff's answer to interrogatory no. 1 of Defendant Central Park Towers II, L.P.'s First Set of Interrogatories to the United States ("CPT II's Interrogatory No. 1").[19]   NHPMN argues that these general references do not fully answer Interrogatory No. 2.[20]

### *(1)     General Reference to Deposition Testimony*

It is well settled that a party may not answer an interrogatory by generally referring to deposition testimony.[21]   However, a party may "respond to an interrogatory with deposition testimony, where that testimony is responsive and where the specific pages or portions of the transcript are provided."[22]   Here, Plaintiff did not provide the specific pages or portions of the

---

[18] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 3.

[19] *Id.* at 4.

[20] Plaintiff answered several of NHPMN's interrogatories using these general references to deposition testimony and to Plaintiff's answer to interrogatories propounded by other defendant's in this case.  The Court with therefore discuss in detail the rules regarding these general references here and will refer back to this discussion when applicable to other interrogatories in dispute.

[21] *Lipari v. U.S. Bancorp, N.A.*, Civ. A. No. 07-2146-CM, 2008 WL 2704473, at *1 (D. Kan. July 8, 2008) ("It is well settled that a party may not answer an interrogatory by generally referring to pleadings filed in the case or depositions taken in this or other cases.") (citations omitted); *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) (a party may not answer an interrogatory by generically referring to deposition testimony, but rather must indicate with specificity where the information can be found); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) ("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition."); *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 440 ("Incorporation by reference to a deposition is not a responsive answer [to an interrogatory].") (citation omitted).

[22] *Epling v. UCB Films, Inc.*, Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 00-4186-
(continued...)

transcript(s) containing the responsive information in its answer to Interrogatory No. 2.  Rather, Plaintiff simply stated, "See the depositions of Melissa Kothe and Charyle Mae Gordon."[23]  Plaintiff may not answer NHPMN's interrogatories with such a general reference to deposition testimony.  The Court finds that Plaintiff's general reference to entire transcripts of deposition testimony is not a sufficient answer to Interrogatory No. 2.

### (2)   General Reference to Plaintiff's Answer to CPT II's Interrogatory No. 1

Plaintiff also answered NHPMN's Interrogatory No. 2 by referring NHPMN to its answer to CPT II's Interrogatory No. 1.[24]  CPT II's Interrogatory No. 1 asks Plaintiff to provide, *inter alia*, the following information for each individual who Plaintiff alleges has been damaged by Defendants' allegedly discriminatory conduct and for whom Plaintiff seeks to recover damages in this action: a brief description of each incident(s) and/or conduct that Plaintiff claims damaged such individual, the identity of the persons involved in the incident(s) or conduct, and any witnesses to the incident(s) or conduct.[25]  Before answering CPT II's Interrogatory No. 1, Plaintiff made several general and specific objections, including that the interrogatory calls for information protected by the attorney work-product doctrine and calls for information that can best be derived from tenant

---

[22](...continued)
RDR, 2001 WL 1249362, at * 7 (D. Kan. Sept. 27, 2001) (citations omitted).

[23] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 4.

[24] *Id.*

[25] United States' Resps. to Def. Central Park Towers II, L.P.'s First Set of Interrogs. (doc. 154-2) at 3.

files or rent roll information.[26]  Plaintiff then answered CPT II's Interrogatory No. 1 subject to these objections, which spans approximately 28 pages.

Rule 33 requires Plaintiff to answer an interrogatory, to the extent it is not objected to, fully and in writing.[27]  It is not clear how Plaintiff's answer to CPT II's Interrogatory No. 1, which asks for a "brief description" of the conduct that Plaintiff claims damaged certain individuals, is fully responsive to NHPMN's Interrogatory No. 2, which seeks *specific* information regarding "hangman's nooses."   In addition, and more importantly, although Plaintiff answered CPT II's Interrogatory No. 1, which spans approximately 28 pages, it answered CPT II's interrogatory subject to several objections.  NHPMN cannot be expected to analyze the objections made to CPT II's Interrogatory No. 1 and then to sort through 28 pages of information in order to get its "fully" responsive answer to NHPMN's Interrogatory No. 2.  The Court finds that Plaintiff's general reference to its answer to CPT II's Interrogatory No. 1 is not a sufficient answer to NHPMN's Interrogatory No. 2.

Having found Plaintiff's general references to deposition testimony and to Plaintiff's answer to CPT II's Interrogatory No. 1 to be insufficient to answer NHPMN's Interrogatory No. 2, the Court concludes that Plaintiff's answer is not fully responsive to NHPMN's Interrogatory No. 2. Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 2.

**C.	Interrogatory No. 4**

---

[26] *Id.* at 3-4.

[27] Fed. R. Civ. P. 33(b)(3).

Interrogatory No. 4 asks Plaintiff to, *inter alia*, identify all individuals who witnessed Defendant Stacy Sturdevant openly display racially hostile materials or who received such materials from Defendant Stacy Sturdevant, and to state when such materials were observed or received, to provide a description of the materials, and to provide a description of the actions taken by the individual who observed or received the racially hostile materials.[28]   Plaintiff's answer to Interrogatory No. 4 generally refers NHPMN to the depositions of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[29]  The Court concludes that these general references do not fully answer Interrogatory No. 4 for the same reasons it concluded that these general references do not fully answer Interrogatory No. 2.[30] Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 4.

### D.      Interrogatory No. 5

Interrogatory No. 5 asks Plaintiff to identify all individuals who heard Defendant Stacy Sturdevant use certain racially derogatory and hostile remarks, and to state when those remarks were heard, to describe exactly what was heard, and to describe what actions each individual took in response to what he or she heard.[31]  Plaintiff answered Interrogatory No. 5 by generally referring NHPMN to the deposition testimony of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's

---

[28] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 5.

[29] *Id.*

[30] *See* Section IV. B(1) and (2), *supra*.

[31] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 5-6.

answer to CPT II's Interrogatory No. 1.[32]  The Court concludes that these general references do not fully answer Interrogatory No. 5 for the same reasons it concluded that these general references do not fully answer Interrogatory No. 2.[33]  Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 5.

###### E.      Interrogatory No. 6

Interrogatory No. 6 asks Plaintiff to specifically state the factual basis supporting its allegations that Defendant Stacy Sturdevant, while acting as the manager of Central Park Towers Apartments, treated Caucasian residents more favorable than African-American residents in the terms and conditions of their residency.[34]  Plaintiff answered Interrogatory No. 6 by generally referring NHPMN to the depositions of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[35]  The Court concludes that these general references do not fully answer Interrogatory No. 6 for the same reasons it concluded that they do not fully answer Interrogatory No. 2.[36]  Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 6.

###### F.      Interrogatory No. 7

Interrogatory No. 7 asks Plaintiff to specifically state the factual basis supporting its allegations that Defendant Stacy Sturdevant, while acting as the manager of Central Park Towers

---

[32] *Id.* at 6.

[33] *See* Section IV. B(1) and (2), *supra.*

[34] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 6.

[35] *Id.*

[36] *See* Section IV. B(1) and (2), *supra.*

10

Apartments, engaged in discriminatory conduct on the basis of race.[37]   Plaintiff answered Interrogatory No. 7 by generally referring NHPMN to the deposition testimony of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[38]   The Court concludes that these general references do not fully answer Interrogatory No. 7 for the same reasons it concluded that they do not fully answer Interrogatory No. 2.[39]   Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 7.

### G.      Interrogatory No. 8

Interrogatory No. 8 states,

> If you contend that [Defendant] Sturdevant or any other defendant delayed the maintenance requests of tenants at Central Park Towers based on race or race association, please identify with specificity each tenant whose maintenance request was wrongfully delayed, and for each such tenant, please identify: (a) the length of time that the request was pending before being completed; and (b) a comparable request by a [Caucasian] tenant and the length of time it was pending before being completed.[40]

Plaintiff objected to Interrogatory No. 8 on the grounds that some evidence regarding maintenance requests was not in Plaintiff's possession, custody or control, and that records containing that information should have been in NHPMN's custody or control "had the Defendants maintained minimally adequate business records."[41]   NHPMN argues that this objection is not proper.

---

[37] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 6.

[38] *Id.* at 7.

[39] *See* Section IV. B(1) and (2), *supra*.

[40] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 7.

[41] *Id.*

The underlying basis for Plaintiff's objection is not clear.  It appears to the Court that Plaintiff was more concerned about making a point than it was about making an objection.  Indeed, Plaintiff admits in its response to NHPMN's Motion that Plaintiff "referenced these records to underscore to the Defendants its point that there are certain business records, specifically maintenance records and tenant files, that Defendant NHPMN should, but does not have in its possession."[42]  Plaintiff argues that NHPMN had knowledge of complaints of race discrimination occurring at Central Park Towers Apartments and that "[i]n light of the distinct possibility of litigation, [NHPMN] should have maintained records, including maintenance records and tenant files, that might be relevant in any subsequent litigation involving allegations of race discrimination."[43]

The Court finds that Plaintiff's desire to make "its point" fails to actually state a sufficient reason why Plaintiff should not have to fully answer Interrogatory No. 8.  Plaintiff cannot object to answering Interrogatory No. 8 simply because it has not obtained satisfactory discovery from NHPMN.[44]  Rather, Plaintiff has a duty to answer the interrogatory with the information it has, and may then supplement the answer if necessary under Fed. R. Civ. P. 26(e).[45]  The Court therefore overrules Plaintiff's objection.

---

[42] United States' Resp. to Def. NHPMN Management, L.L.C.'s Mot. to Compel (doc. 154) at 8, n.6.

[43] *Id.*

[44] *See Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, Civ. A. No. 89-2181-V, 1992 WL 739505, *1 (D. Kan. Sept. 4, 1992) (citing *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989)).

[45] *Bohannon*, 127 F.R.D. at 538.

After asserting this objection, Plaintiff answered Interrogatory No. 8 by generally referring NHPMN to the deposition testimony of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[46]  The Court concludes that these general references do not fully answer Interrogatory No. 8 for the same reasons it concluded that they do not fully answer Interrogatory No. 2.[47]

Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 8.  If Plaintiff contends that maintenance requests by African American residents at Central Park Towers Apartments were wrongfully delayed, then Plaintiff must answer the interrogatory by providing whatever information it has to support that contention.  Plaintiff may then supplement its answer to Interrogatory No. 8 following the procedure set forth in Fed. R. Civ. P. 26(e) if and when necessary.

## H.      Interrogatory No. 9

Interrogatory No. 9 asks Plaintiff to identify all individuals it alleges were harmed by any of the "AIMCO Defendants'"[48] alleged discriminatory practices and to describe the specific conduct causing such damages as well as the precise amount and nature of the damages.[49]  Plaintiff answered Interrogatory No. 9 by generally referring NHPMN to the depositions of Melissa Kothe and Charyle

---

[46] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 7.

[47] *See* Section IV. B(1) and (2), *supra*.

[48] The parties have routinely referred to the following defendants in this case as the AIMCO Defendants: AIMCO Properties, L.P., AIMCO-GP, Inc., Apartment Investment and Management Company ("AIMCO"), NHPMN Management LLC, and NHP Management Company.

[49] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 8.

Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[50]  The Court finds that these general references do not fully answer Interrogatory No. 9 for the same reasons it concluded that they do not fully answer Interrogatory No. 2.[51]

Plaintiff's answer to Interrogatory No. 9 also generally refers NHPMN to Plaintiff's answers to CPT II's Interrogatory Nos. 2 and 17.[52]  The Court has reviewed Plaintiff's answers to CPT II's Interrogatory Nos. 2 and 17 and notes that Plaintiff made several general and specific objections to these interrogatories, including a supernumerary objection and an objection that the information is protected by the attorney work-product doctrine.[53]  NHPMN cannot be expected to analyze Plaintiff's objections to CPT II's Interrogatory Nos. 2 and 17 and then to sort through the answers in order to get its "fully" responsive answer to NHPMN's Interrogatory No. 9.  The Court finds that Plaintiff's general references to its answers to CPT II's Interrogatory Nos. 2 and 17 do not fully answer NHPMN's Interrogatory No. 9.  Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 9.

## I.      Interrogatory No. 10

Interrogatory No. 10 asks Plaintiff to identify the factual basis for its contention in its memorandum in opposition to the motion to dismiss that Defendant Sturdevant was widely known to be a member of the Ku Klux Klan and to identify the individuals who had knowledge of that

---

[50] *Id.*

[51] *See* Section IV. B(1) and (2), *supra*.

[52] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 8.

[53] United States' Resps. to Def. Central Park Towers II, L.P.'s First Set of Interrogs. (doc. 154-2) at 32-33 and 50-51.

14

information.[54]  Plaintiff answered Interrogatory No. 10 by generally referring NHPMN to the depositions of Melissa Kothe and Charyle Mae Gordon and to Plaintiff's answer to CPT II's Interrogatory No. 1.[55]  The Court concludes that these general references do not fully answer Interrogatory No. 10 for the same reasons it concluded that they do not fully answer Interrogatory No. 2.[56]

Plaintiff also answered Interrogatory No.10 by generally referring NHPMN to Plaintiff's answer to CPT II's Interrogatory No. 12.[57]  The Court has reviewed Plaintiff's answer to CPT II's Interrogatory No. 12 and notes that Plaintiff answered this interrogatory in part by referring back to its answer to CPT II's Interrogatory No. 1.[58]  Thus, the Court concludes that this general reference does not fully answer Interrogatory No. 10 for the same reasons it concluded that such a general reference failed to fully answer Interrogatory No. 2.[59]   Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 10.

**J.        Interrogatory No. 11**

Interrogatory No. 11 asks Plaintiff to identify the individuals who personally saw Defendant Sturdevant with a weapon, such as a knife or a gun, and to provide the dates the weapon was seen,

---

[54] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 8.

[55] *Id.*

[56] *See* Section IV. B(1) and (2), *supra.*

[57] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 8.

[58] United States' Resps. to Def. Central Park Towers II, L.P.'s First Set of Interrogs. (doc. 154-2) at 46-47.

[59] *See* Section IV. B(1) and (2), *supra.*

to describe the kind of weapon that was seen, and to describe the actions taken in response to seeing the weapon.[60]   Plaintiff answered Interrogatory No. 11 by generally referring NHPMN to Plaintiff's answers to all of CPT II's First Set of Interrogatories to the United States, as well as to the deposition testimony of Melissa Kothe and Wilbert Sturdevant.[61]   The Court concludes that these general references do not fully answer Interrogatory No. 11 for the same reasons it concluded such general references failed to fully answer Interrogatory No. 2.[62]

Plaintiff also answered Interrogatory No. 11 by some providing additional information.[63] However, Plaintiff admits that this additional information does not by itself fully answer Interrogatory No. 11.[64]   Accordingly, the Court will grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 11.

### K.     Interrogatory No. 12

Interrogatory No. 12 asks Plaintiff to "[i]dentify each person with knowledge of facts related to or concerning the allegations set forth in the First Amended Complaint, and for each such person, state the subject matter of such person's knowledge."[65]   Plaintiff's answer to Interrogatory No. 12

---

[60] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 9.

[61] *Id.*

[62] *See* Section IV. B(1) and (2), *supra*.

[63] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 9-10.

[64] United States' Resp. to Def. NHPMN Management, L.L.C.'s Mot. to Compel (doc. 154) at 7.

[65] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 10.

generally refers NHPMN to Plaintiff's answers to CPT II's Interrogatory Nos. 1 and 12.[66] The Court concludes that these general references do not fully answer Interrogatory No. 12 for the same reasons it concluded that such general references failed to fully answer Interrogatory No. 2.[67]

Plaintiff also answered NHPMN's Interrogatory No. 12 by providing some additional information.[68] However, it is not clear whether this additional information is fully responsive to Interrogatory No. 12.  The Court will therefore grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 12.

### L.     Interrogatory No. 13

Interrogatory No. 13 asks Plaintiff the following:

> Identify each person identified in [Plaintiff's] discovery responses or disclosures pursuant to Fed. R. Civ. P. 26(b)(1), whom [Plaintiff] has contacted or attempted to contact, and for each such person, please state: (a) such person's name and last known contact information; (b) the date(s) on which you contacted or attempted to contact such individual; and (c) unless privileged, the substance of any conversation you had with such individual.[69]

Plaintiff's answer to Interrogatory No. 13 generally refers NHPMN to Plaintiff's answers to CPT II's Interrogatory Nos. 1, 5, 12, and 17.  The Court has reviewed Plaintiff's answers to these interrogatories and concludes that Plaintiff's general references to these interrogatories do not fully answer Interrogatory No. 13 for the same reasons it concluded that such general references failed

---

[66] *Id.*

[67] *See* Section IV. B(1) and (2), *supra*.

[68] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 10.

[69] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 10-11.

to fully answer Interrogatory No. 2.[70]  The Court will therefore grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 13.

### M.    Interrogatory Nos. 14-18

Interrogatory No. 14 asks Plaintiff to "[i]dentify every fact on which [Plaintiff] base[s] [its] contention that AIMCO (as distinct from any of the other corporate defendants) is liable for the damages alleged in [Plaintiff's] First Amended Complaint."[71]  Interrogatory Nos. 15-18 are all a variation of Interrogatory No. 14, with each interrogatory inquiring as to the liability of a different corporate defendant in this case, namely Defendant AIMCO-GP, Inc. (Interrogatory No. 15), Defendant AIMCO Properties, L.P. (Interrogatory No. 16), Defendant NHPMN Management, L.L.C. (Interrogatory No. 17), and Defendant NHP Management Company (Interrogatory No. 18).[72] These corporate defendants are sometimes collectively referred to by the parties as the AIMCO Defendants.

Plaintiff's answer to Interrogatory No. 14 reads in part: "AIMCO is vicariously liable for the acts of all employees who worked at CPT.  It had apparent and actual authority to control the actions of Stacy Sturdevant, and was negligent in exercising that authority.  Furthermore, the AIMCO entities operate as a 'single employer.'"[73] The remainder of Plaintiff's answer to Interrogatory No. 14 discusses AIMCO's connections to Defendant Stacy Sturdevant, Melissa Kothe, and Central Park

---

[70] *See* Section IV. B(1) and (2), *supra*.

[71] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-2) at 11.

[72] *Id.* at 11-13.

[73] *Id.* at 11.

Towers Apartments.[74]  After answering Interrogatory No. 14, concerning the liability of Defendant AIMCO, Plaintiff answered Interrogatory Nos. 15-18, concerning the other corporate defendants, by referring NHPMN to its answer to Interrogatory No. 14.[75]

Plaintiff argues that because its answer to Interrogatory No. 14 includes an assertion that the AIMCO entities operate as a "single employer," its answers to Interrogatory Nos. 15-18 referring NHPMN to its answer to Interrogatory No. 14 are all fully responsive.[76]  Plaintiff further argues that it did more than make a simple assertion that the AIMCO entities operate as a "single employer."[77] Plaintiff claims that it supplied NHPMN with facts to support this contention in its answer to Interrogatory No. 14 and later supplemented its answer by providing NHPMN with an expert report that develops the argument that various corporate defendants in this case are ultimately vicariously liable for Defendant Sturdevant's discriminatory conduct.[78]  Plaintiff argues that its answer to Interrogatory No. 14 combined with this expert report fully answer Interrogatory Nos. 14-18.[79]

NHPMN argues that Plaintiff failed to fully respond to Interrogatory Nos. 14-18.  NHPMN argues that Plaintiff's answer to Interrogatory No. 14 only provides facts with respect to AIMCO and fails to provide any specific facts supporting Plaintiff's contention that the AIMCO entities

---

[74] *Id.* at 11-12.

[75] *Id.* at 12-14.

[76] United States' Resp. to Def. NHPMN Management, L.L.C.'s Mot. to Compel (doc. 154) at 10-11.

[77] *Id.* at 10.

[78] *Id.* at 11.

[79] *Id.*

operated as a "single employer."[80]   NHPMN further argues that the expert report referred to by Plaintiff was never incorporated into Plaintiff's answers to Interrogatory Nos. 14-18, was not made under oath, and is limited to AIMCO and NHP Management Company.[81] According to NHPMN, it still has no explanation as to how each of the AIMCO entities fit into Plaintiff's "single employer" theory or how they are liable for damages in this case.[82]

Having considered the parties' arguments, the Court concludes that Plaintiff's answers to Interrogatory Nos. 14-18 are not fully responsive.  These interrogatories ask Plaintiff to provide the specific facts upon which Plaintiff claims the corporate defendants are liable for the damages alleged in Plaintiff's First Amended Complaint.  Plaintiff's answers fail to provide these specific facts.  If the expert report referred to by both NHPMN and Plaintiff contains these facts, then Plaintiff should supplement its answers to Interrogatory Nos. 14-18 accordingly, and this supplement must be made under oath.  The Court will therefore grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory Nos. 14-18.

### N.     Interrogatory No. 19

Interrogatory No. 19 asks Plaintiff to, *inter alia*, "[i]dentify, by date, each instance at which a complaint regarding [Defendant] Sturdevant's allegedly discriminatory conduct was brought to the attention of any of [Defendant] Sturdevant's superiors."[83] Plaintiff answered Interrogatory No. 19 by generally referring NHPMN to the deposition testimony of Chuck Hutchison and Rusty

---

[80] Reply in Supp. of NHPMN Management LLC's Mot. to Compel (doc. 159) at 4.

[81] *Id.* at 5.

[82] *Id.* at 4-5.

[83] United States' Resps. to Def. NHPMN Management, L.L.C.'s First Set of Interrogs. (doc. 149-2) at 14.

Fleming and to Plaintiff's answers to CPT II's Interrogatory Nos. 1, 5, 12, and 17.[84]  The Court concludes that these general references do not fully answer Interrogatory No. 19 for the same reasons it concluded that such general references failed to fully answer Interrogatory No. 2.[85]

Plaintiff also answered Interrogatory No. 19 by providing some additional information.[86] However, it is not clear whether this additional information is fully responsive to Interrogatory No. 19.  The Court will therefore grant NHPMN's Motion to compel Plaintiff to fully answer Interrogatory No. 19.

## IV.   EXPENSES

While neither NHPMN nor Plaintiff address the issue of expenses, the Court must now consider the issue because the Court has granted NHPMN's Motion.  Fed. R. Civ. P. 37 governs the payment of expenses in connection with motions to compel.  Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[87]  However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[] or other circumstances make an award of expenses unjust."[88]

---

[84] *Id.*

[85] *See* Section IV. B(1) and (2), *supra*.

[86] United States' Resps. to Def. NHPMN Management, L.L.C.'s First Set of Interrogs. (doc. 149-2) at 14.

[87] Fed. R. Civ. P. 37(a)(5)(A).

[88] *Id.*

As Fed. R. Civ. P. 37(a)(5)(A) expressly provides, the Court must award fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard."[89]  To satisfy this requirement, the Court directs Plaintiff to show cause, in a pleading filed with the Court within **twenty (20) days** of the date of this Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses NHPMN incurred in making the Motion.  NHPMN shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses.  In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that NHPMN has incurred, and for the filing of any related briefs.

## VI.    CONCLUSION

For the foregoing reasons the Motion is granted.  Plaintiff shall fully answer NHPMN's Interrogatory Nos. 2 and 4-19.

**IT IS THEREFORE ORDERED** that the Motion to Compel of Defendant NHPMN Management, LLC and Memorandum in Support (doc. 149) is granted.  **Within 20 days** of the date of this Order, Plaintiff shall fully answer NHPMN's Interrogatory Nos. 2 and 4-19.  If the answer is found in deposition testimony, Plaintiff must provide the specific pages or portions of the deposition transcript containing the responsive information.  In addition, if the answer is found within an answer to another interrogatory, Plaintiff must fully answer NHPMN's interrogatory by reproducing the responsive information rather than simply generally referring NHPMN to Plaintiff's answers to other interrogatories.  Finally, if Plaintiff does not have all of the responsive information

---

[89] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (*citing* Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

to an interrogatory, Plaintiff shall so state and shall supplement its answer when necessary as set forth in Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in a pleading filed with the Court within **twenty (20) days** of the date of this Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses NHPMN incurred in making the Motion. NHPMN shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses.  In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that NHPMN has incurred, and for the filing of any related briefs.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of September 2009.

s/ David J. Waxse_____
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties