DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 07-2233-KHV-DJW |
| | ) | |
| STACY STURDEVANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 14, 2009, the Court entered a Memorandum and Order (doc. 297) granting the Motion to Compel of Defendant NHPMN Management, LLC and Memorandum in Support (doc. 149). Because the Court granted NHPMN's motion to compel and because neither Plaintiff nor NHPMN addressed the issue of expenses, the Court directed Plaintiff to show cause, in a pleading filed with the Court within twenty (20) days of the date of the Memorandum and Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses that NHPMN incurred in making the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). Plaintiff filed a response as directed (doc. 350), NHPMN filed a response to Plaintiff's response (doc. 370), and Plaintiff then filed a reply to NHPMN's response (doc. 383). The issue is now fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Court finds that Plaintiff's counsel should be required to pay NHPMN's reasonable expenses incurred in making the motion to compel.

**I.    BACKGROUND**

On June 1, 2009, NHPMN filed its motion to compel, seeking an order from this Court compelling Plaintiff to fully answer NHPMN's First Set of Interrogatories, specifically Interrogatory Nos. 2, 4-13, 14-18, and 19. After concluding that the parties had conferred before the motion to

compel was filed, as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, the Court addressed the merits of NHPMN's motion to compel.

Plaintiff answered many of NHPMN's interrogatories by generally referring NHPMN to deposition testimony and to Plaintiff's answers to interrogatories propounded by other defendants in this case. The Court examined each of Plaintiff's answers to the interrogatories in dispute and determined that Plaintiff had failed to fully and properly answer the interrogatories. The Court therefore granted NHPMN's motion to compel in its entirety. The Court must now determine whether Plaintiff should be required to pay NHPMN's reasonable expenses incurred in making the motion to compel.

## II.    STANDARDS

Fed. R. Civ. P. 37 governs the payment of expenses incurred in making a motion to compel. Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel is granted, as is the case here, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[1] However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[] or other circumstances make an award of expenses unjust."[2]

In response to the Court's order to show cause why it should not be required to pay NHPMN's reasonable expenses incurred in making the motion to compel, Plaintiff argues that it should not be required to pay NHPMN's expenses because its answers were substantially justified.

---

[1] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

[2] *Id.*

"[C]ourts have generally held that a discovery objection or response is 'substantially justified' within the meaning of Rule 37, if it is 'justified to a degree that could satisfy a reasonable person' or where 'reasonable people could differ as to the appropriateness' of the objection or response."[3]

## III. ANALYSIS

To determine whether Plaintiff's answers to NHPMN's Interrogatory Nos. 2, 4-13, 14-18, and 19 were substantially justified, the Court will analyze each answer and ascertain whether "reasonable people could differ as to the appropriateness" of the answers.

### A. Interrogatory Nos. 2, 4-13 and 19.

In analyzing Plaintiff's answers to Interrogatory Nos. 2, 4-13 and 19, the Court need only discuss in detail Plaintiff's answer to Interrogatory No. 2 because Plaintiff's answer to Interrogatory No. 2 is substantially similar to its answers to Interrogatory Nos. 4-13 and 19. Plaintiff answered each of these interrogatories by providing NHPMN with general references to deposition testimony and to Plaintiff's answers to interrogatories propounded by other defendants in this case.

Interrogatory No. 2 asks Plaintiff to state with specificity the factual basis supporting its allegation that "hangman's nooses" were openly displayed at Central Park Towers Apartments, including where the nooses were displayed and the identity of each individual who observed the noose(s).[4] Plaintiff answered Interrogatory No. 2 by generally referring NHPMN to the deposition testimony of Melissa Kothe and Charyle Mae Gordon and directing NHPMN to review Plaintiff's

---

[3] *Cardenas v. Dorel Juvenile Group, Inc.*, No. Civ. A. 04-2478-KHV, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005) (citations omitted).

[4] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-1) at 3.

answer to interrogatory no. 1 of Defendant Central Park Towers II, L.P.'s First Set of Interrogatories to the United States ("CPT II's Interrogatory No. 1").[5]

The Court found these general references insufficient to fully answer Interrogatory No. 2. In doing so, the Court explained, "It is well settled that a party may not answer an interrogatory by generally referring to deposition testimony."[6] The Court further explained that a party may, however, "respond to an interrogatory with deposition testimony, where that testimony is responsive and where the specific pages or portions of the transcript are provided."[7] Plaintiff did not provide this necessary information in its answer to Interrogatory No. 2. Instead, Plaintiff simply stated, "See the depositions of Melissa Kothe and Charyle Mae Gordon."[8] The Court concluded that this broad reference to entire deposition transcripts was insufficient and failed to fully answer Interrogatory No. 2.[9]

---

[5] *Id.* at 4.

[6] Mem. & Order (doc. 297) at 6 (citing *Lipari v. U.S. Bancorp, N.A.*, Civ. A. No. 07-2146-CM, 2008 WL 2704473, at *1 (D. Kan. July 8, 2008) ("It is well settled that a party may not answer an interrogatory by generally referring to pleadings filed in the case or depositions taken in this or other cases.") (citations omitted); *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) (a party may not answer an interrogatory by generically referring to deposition testimony, but rather must indicate with specificity where the information can be found); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) ("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition."); *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 440 ("Incorporation by reference to a deposition is not a responsive answer [to an interrogatory].") (citation omitted)).

[7] *Id.* (quoting *Epling v. UCB Films, Inc.*, Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 00-4186-RDR, 2001 WL 1249362, at * 7 (D. Kan. Sept. 27, 2001) (citations omitted)).

[8] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-1) at 4.

[9] Mem. & Order (doc. 297) at 7.

The Court also found Plaintiff's general reference to its answer to CPT II's Interrogatory No. 1 to be insufficient.[10] CPT II's Interrogatory No. 1 asks Plaintiff to provide, *inter alia*, the following information for each individual who Plaintiff alleges was damaged by Defendants' allegedly discriminatory conduct and for whom Plaintiff seeks to recover damages in this action: a brief description of each incident(s) and/or conduct that Plaintiff claims damaged such individual, the identity of the persons involved in the incident(s) or conduct, and any witnesses to the incident(s) or conduct.[11] Before answering CPT II's Interrogatory No. 1, Plaintiff made several general and specific objections, including that the interrogatory calls for information protected by the attorney work-product doctrine and calls for information that can best be derived from tenant files or rent roll information.[12] Plaintiff then answered CPT II's Interrogatory No. 1 subject to these objections, which spans approximately 28 pages.

The Court found that it was not clear how Plaintiff's answer to CPT II's Interrogatory No. 1, which asks for a "brief description" of the conduct that Plaintiff claims damaged certain individuals, is fully responsive to NHPMN's Interrogatory No. 2, which seeks *specific* information regarding "hangman's nooses."[13] In addition, and more importantly, the Court pointed out that although Plaintiff answered CPT II's Interrogatory No. 1, which spans approximately 28 pages, it

---

[10] *Id.* at 7-8.

[11] United States' Resps. to Def. Central Park Towers II, L.P.'s First Set of Interrogs. (doc. 154-2) at 3.

[12] *Id.* at 3-4.

[13] Mem. & Order (doc. 297) at 8.

answered CPT II's interrogatory subject to several objections.[14] The Court held that NHPMN could not be expected to analyze the objections made to CPT II's Interrogatory No. 1 and then sort through 28 pages of information in order to get its "fully" responsive answer to NHPMN's Interrogatory No. 2.[15] The Court therefore concluded that Plaintiff's general reference to its answer to CPT II's Interrogatory No. 1 was not a sufficient answer to NHPMN's Interrogatory No. 2.[16] Plaintiff answered Interrogatory Nos. 4-13 and 19 with similar general references, all of which the Court concluded were insufficient to fully answer the interrogatories.

In response to the Court's order to show cause why it should not be required to pay NHPMN its reasonable expenses incurred in making the motion to compel, Plaintiff argues that its answers were substantially justified.[17] Plaintiff makes several arguments as to why its answers to Interrogatory Nos. 2, 4-13 and 19 were substantially justified. First, Plaintiff argues that the "balance of equities reveals that [Plaintiff's] position on [NHPMN's] motion to compel was reasonable."[18] According to Plaintiff, there are no allegations that it failed to provide the defendants in this case with all of the discoverable information in its possession, custody or control, and there are no allegations that the defendants' ability to defend this case has been prejudiced by Plaintiff's discovery responses.[19] Plaintiff claims that the motion to compel "involved merely the form in

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] United States' Resp. to Order to Show Cause (doc. 350) at 2.

[18] *Id.*

[19] *Id.* at 2-3.

6

which [Plaintiff] was required to supply that information."[20] Plaintiff argues that its "position that it [was] not required to engage in unduly burdensome efforts to present otherwise fully disclosed information in the specific form that [NHPMN] demanded it" is reasonable.[21]

Plaintiff also argues that the goal of discovery is to narrow the issues and eliminate surprises and that its discovery responses fully satisfied this goal.[22] Plaintiff claims that it provided "thorough summaries of information gathered by Department of Justice attorneys and paralegal specialists from thirty-nine witnesses and aggrieved persons," which "contain all of the information gathered from witnesses in this case."[23]

In addition, Plaintiff argues that its answers to NHPMN's interrogatories were reasonable even in light of the rules regarding answering interrogatories with general references to prior discovery and deposition testimony. According to Plaintiff, the rule that a party may not answer interrogatories with general references is aimed at preventing a party from "burdening opposing counsel, or attempting to conceal key information, by simply referring generally to a large mass of unindexed files."[24] Plaintiff argues that it did not simply refer NHPMN to a large mass of unindexed files, but rather it referred NHPMN to the location of the facts that Plaintiff relies upon for its

---

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.*

[23] United States' Resp. to Order to Show Cause (doc. 350) at 3.

[24] *Id.* at 4.

7

contentions and that are responsive to NHPMN's interrogatories.[25] Plaintiff insists that it did not withhold any facts from NHPMN.[26]

Plaintiff acknowledges that answers to interrogatories may not merely reference previous discovery or depositions generally, but argues that its reference to "specific materials, such as the detailed response to CPT Interrogatory No. 1, is appropriate."[27] Plaintiff relies upon *Epling v. UCB Films, Inc*[28] and *Hilt v. SFC, Inc.*[29] for this proposition.

The Court has considered Plaintiff's many arguments and is not persuaded that Plaintiff's answers to Interrogatory Nos. 2, 4-13 and 19 are substantially justified. Plaintiff acknowledges that it may not merely answer interrogatories by referencing prior discovery or depositions generally. Plaintiff attempts to shed its answers to NHPMN's interrogatories in a new light by claiming that it did not answer these interrogatories by generally referencing prior discovery or depositions. But that is exactly what Plaintiff did and neither *Epling* nor *Hilt* support Plaintiff's argument that its answers were substantially justified.

In *Epling*, the relevant interrogatory at issue asked the defendant to give the reasons why the plaintiff was not hired and to identify and describe the documents that supported those reasons.[30] The defendant answered the interrogatory by providing the requested reasons, referring the plaintiff

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 00-4186-RDR, 2001 WL 1249362 (D. Kan. Sept. 27, 2001).

[29] 170 F.R.D. 182 (D. Kan. 1997).

[30] *Epling*, 2001 WL 1249362, at *6.

8

to three specific documents, and referring the plaintiff to "certain specified pages" of a particular deposition.[31] This Court found in *Epling* that the reference to three specific documents was justified because the interrogatory specifically asked the defendant to identify documents.[32] This Court also found that the defendant's answer to the interrogatory was appropriate only after noting that the defendant's answer referenced responsive deposition testimony and provided "the specific pages or portions of the transcript" where the responsive information could be found.[33]

In *Hilt*, the relevant interrogatory at issue asked the plaintiff to identify the individuals known by the plaintiff to have evidence or knowledge concerning the plaintiff's allegations in her complaint and further asked the plaintiff, for each individual identified, to describe the substance of the evidence or knowledge possessed by that individual as understood by the plaintiff.[34] In response to the interrogatory, the plaintiff incorporated her deposition testimony, answers to two of the defendant's other interrogatories to her, and her initial disclosures.[35] In her response to the motion to compel, the plaintiff explained that during her deposition the defendant inquired at length about her knowledge of the testimony of the other witnesses.[36] The defendant did not dispute this claim.[37] In ruling on the defendant's motion to compel, the *Hilt* court required the plaintiff to supplement her answer to the interrogatory by providing the requested information for any witnesses

---

[31] *Id.*

[32] *Id.* at 7.

[33] *Id.*

[34] *Hilt*, 170 F.R.D. at 185.

[35] *Id.*

[36] *Id.*

[37] *Id.*

about which she did not testify at her deposition.[38] The court also required the plaintiff to supplement her answer by providing the defendant with "copies of the pertinent page(s) from the transcript of her deposition which answer the interrogatories."[39] The *Hilt* court otherwise found the plaintiff's answer to the interrogatory to be sufficient.[40]

In both *Epling* and *Hilt*, the court required the party answering the interrogatory by reference to deposition testimony to provide the specific pages of the deposition testimony that were responsive to the interrogatory. In this case, Plaintiff failed to provide the specific pages or portions of the deposition transcript(s) where NHPMN could find its fully responsive answers. Plaintiff didn't even identify the specific pages or portions of the deposition transcript(s) that were responsive so that NHPMN could then find the responsive information in its own copies of the deposition transcript(s). Rather, Plaintiff simply answered, for example, "See the depositions of Melissa Kothe and Charyle Mae Gordon."[41] In light of the well-settled rule in this district that a party may not answer an interrogatory by simply generally referencing entire deposition transcripts without the benefit of the specific pages or portions of the deposition transcript that are responsive, the Court finds that reasonable people could not differ as to the appropriateness of Plaintiff's answers to NHPMN's Interrogatory Nos. 2, 4-13, and 19, which are in direct contradiction of this rule.

In addition, the Court concludes that reasonable people could not differ as to the appropriateness of Plaintiff's general references to its answers to interrogatories propounded by

---

[38] *Id.*

[39] *Id.*

[40] *Hilt*, 170 F.R.D. at 185.

[41] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-1) at 4.

another defendant, where the other interrogatories were not identical to NHPMN's interrogatories and where the other interrogatories were only answered subject to several objections.

For these reasons, the Court concludes that Plaintiff's answers to Interrogatory Nos. 2, 4-13, and 19 are not substantially justified.

### B.      Interrogatory No. 8

The Court has already concluded that Plaintiff's answer to Interrogatory No. 8 (along with its answers to Interrogatory Nos. 2, 4-7, 9-13, and 19) are not substantially justified because Plaintiff answered these interrogatories by generally referencing other discovery and entire deposition transcripts. However, the Court finds there is an additional reason for concluding that Plaintiff's answer to Interrogatory No. 8 was not substantially justified - Plaintiff's improper objection. Interrogatory No. 8 stated,

> If you contend that [Defendant] Sturdevant or any other defendant delayed the maintenance requests of tenants at Central Park Towers based on race or race association, please identify with specificity each tenant whose maintenance request was wrongfully delayed, and for each such tenant, please identify: (a) the length of time that the request was pending before being completed; and (b) a comparable request by a [Caucasian] tenant and the length of time it was pending before being completed.[42]

Plaintiff objected to Interrogatory No. 8 on the grounds that some evidence regarding maintenance requests was not in Plaintiff's possession, custody or control, and that records containing that information should have been in NHPMN's custody or control "had the Defendants maintained

---

[42] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-1) at 7.

minimally adequate business records."[43] In making its motion to compel, NHPMN argued that this objection is not proper, and the Court agreed.[44]

The legal basis for Plaintiff's "objection" was never made clear to the Court. Rather, it appeared to the Court that Plaintiff was more concerned about making a point than it was about making an objection.[45] Indeed, Plaintiff admitted in its response to NHPMN's motion to compel that Plaintiff "referenced these records to underscore to the Defendants its point that there are certain business records, specifically maintenance records and tenant files, that Defendant NHPMN should, but does not have in its possession."[46] The Court found that Plaintiff's desire to make "its point" failed to actually state a sufficient reason why Plaintiff should not have to fully answer Interrogatory No. 8.[47] The Court therefore overruled Plaintiff's "objection."[48]

Plaintiff does not address this objection in its responses to the Court's order to show cause why it should not be required to pay NHPMN's reasonable expenses incurred making the motion to compel. The Court therefore concludes that Plaintiff has not shown how this objection is substantially justified.

---

[43] *Id.*

[44] Mem. & Order (doc. 297) at 12.

[45] *Id.*

[46] United States' Resp. to Def. NHPMN Management, L.L.C.'s Mot. to Compel (doc. 154) at 8 n.6.

[47] Mem. & Order (doc. 297) at 12.

[48] *Id.*

## C. Interrogatory Nos. 14-18

NHPMN also moved to compel Plaintiff to fully answer Interrogatory Nos. 14-18. Interrogatory No. 14 asks Plaintiff to "[i]dentify every fact on which [Plaintiff] base[s] [its] contention that AIMCO (as distinct from any of the other corporate defendants) is liable for the damages alleged in [Plaintiff's] First Amended Complaint."[49] Interrogatory Nos. 15-18 are all a variation of Interrogatory No. 14, with each interrogatory inquiring as to the liability of a different corporate defendant in this case, namely Defendant AIMCO-GP, Inc. (Interrogatory No. 15), Defendant AIMCO Properties, L.P. (Interrogatory No. 16), Defendant NHPMN Management, L.L.C. (Interrogatory No. 17), and Defendant NHP Management Company (Interrogatory No. 18).[50] These corporate defendants are sometimes collectively referred to by the parties as the AIMCO Defendants.

Plaintiff answered Interrogatory No. 14 by stating: "AIMCO is vicariously liable for the acts of all employees who worked at CPT. It had apparent and actual authority to control the actions of Stacy Sturdevant, and was negligent in exercising that authority. Furthermore, the AIMCO entities operate as a 'single employer.'"[51] The remainder of Plaintiff's answer to Interrogatory No. 14 discusses AIMCO's connections to Defendant Stacy Sturdevant, Melissa Kothe, and Central Park Towers Apartments.[52] After answering Interrogatory No. 14, which concerns the liability of Defendant AIMCO, Plaintiff answered Interrogatory Nos. 15-18, which seek information about the

---

[49] United States' Resps. to Def. NHPMN Management L.L.C.'s First Set of Interrogs. (doc. 149-1) at 11.

[50] *Id.* at 11-13.

[51] *Id.* at 11.

[52] *Id.* at 11-12.

other corporate defendants, by simply referring NHPMN back to its answer to Interrogatory No. 14.[53]

In response to NHPMN's motion to compel, Plaintiff argued that because its answer to Interrogatory No. 14 included an assertion that the AIMCO entities operate as a "single employer," its answers to Interrogatory Nos. 15-18 referring NHPMN back to its answer to Interrogatory No. 14 are all fully responsive.[54] Plaintiff further argued that it did more than make a simple assertion that the AIMCO entities operate as a "single employer."[55] Plaintiff claimed that it supplied NHPMN with facts to support this contention in its answer to Interrogatory No. 14 and later supplemented its answer by providing NHPMN with an expert report that developed the argument that various corporate defendants in this case are ultimately vicariously liable for Defendant Sturdevant's discriminatory conduct.[56] Plaintiff argued that its answer to Interrogatory No. 14 combined with this expert report fully answer Interrogatory Nos. 14-18.[57]

In ruling on NHPMN's motion to compel, the Court concluded that Plaintiff's answers to Interrogatory Nos. 14-18 were not fully responsive.[58] Interrogatory Nos. 14-18 ask Plaintiff to provide the specific facts upon which Plaintiff claims the corporate defendants are liable for the damages alleged in Plaintiff's First Amended Complaint. Plaintiff's answers fail to provide these

---

[53] *Id.* at 12-14.

[54] United States' Resp. to Def. NHPMN Management, L.L.C.'s Mot. to Compel (doc. 154) at 10-11.

[55] *Id.* at 10.

[56] *Id.* at 11.

[57] *Id.*

[58] Mem. & Order (doc. 297) at 20.

14

specific facts. The Court instructed Plaintiff that if the expert report referred to by Plaintiff contained these specific facts, then Plaintiff should supplement its answers to Interrogatory Nos. 14-18 accordingly, and this supplement must be made under oath.[59] The Court then granted NHPMN's motion to compel Plaintiff to fully answer Interrogatory Nos. 14-18.[60]

Plaintiff now argues that its answers to Interrogatory Nos. 14-18 were substantially justified. In support of this argument, Plaintiff states, "the explanation for the brevity of [Plaintiff's] original responses is simple: the questions concerned AIMCO's corporate structure, and the 30(b)(6) deposition had not yet taken place. Shortly after that deposition took place, [Plaintiff] supplemented its interrogatory answers to include all newly obtained information."[61]

The Court is not persuaded by Plaintiff's argument. The brevity of Plaintiff's answers to Interrogatory Nos. 14-18 was not the issue, it was the responsiveness of the answers. In its response to NHPMN's motion to compel, Plaintiff argued that its answers were fully responsive. Plaintiff never argued that it did not have all of the requested information but that it would supplement the interrogatories after conducting a Fed. R. Civ. P. 30(b)(6) deposition. Before NHPMN filed the motion to compel, the parties conferred and attempted to resolve the dispute, the parties then fully briefed the dispute, and the Court found Plaintiff's answers to Interrogatory Nos. 14-18 to be insufficient. Plaintiff may have been able to avoid the time and expenses incurred by itself, NHPMN and the Court if Plaintiff had not insisted that its answers to Interrogatories Nos. 14-18, which lacked any specific facts about any of the corporate defendants other than AIMCO, were fully responsive

---

[59] *Id.*

[60] *Id.*

[61] United States' Reply to Def. NHPMN Management, LLC's Resp. to United States' Resp. to Order to Show Cause (doc. 383) at 3.

15

and, instead, had acknowledged that it did not have all of the requested information and that it intended to supplement the interrogatories after a Fed. R. Civ. P. 30(b)(6) deposition. The Court finds that Plaintiff has not shown that its answers to Interrogatory Nos. 14-18 are substantially justified.

## IV. CONCLUSION

For the foregoing reasons the Court finds that Plaintiff's answers to Interrogatory Nos. 2, 4-13, 14-18 and 19 are not substantially justified. Consequently, the Court finds that NHPMN is entitled to an order requiring Plaintiff's counsel to pay NHPMN's reasonable expenses, including attorney's fees, incurred in making the motion to compel.[62] This monetary sanction is imposed against Plaintiff's counsel, rather than Plaintiff, because there is nothing in the record indicating that Plaintiff was responsible for the failure to fully respond to NHPMN's interrogatories.[63]

**IT IS THEREFORE ORDERED** that NHPMN is entitled to recover a portion, if not all, of the reasonable expenses, including attorney's fees, that it incurred in making the motion to compel.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall be solely responsible for paying the monetary sanctions.

---

[62] Fed. R. Civ. P. 37(a)(5)(A).

[63] "To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct." *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003) (citation omitted). "The sanctioning of a party, as opposed to the party's counsel, requires specific findings that the party was aware of the wrongdoing." *Id.* (citation and quotations omitted). The Court has no evidence that Plaintiff was responsible for the failure to fully respond to NHPMN's interrogatories.

**IT IS FURTHER ORDERED** that counsel for Plaintiff and NHPMN shall meet and attempt to reach an agreement with regard to the award of expenses to NHPMN, including the amount, method, and any other issues regarding payment of the expenses. If the parties reach an agreement, they shall file an appropriate stipulation and request for an order on or before **January 20, 2010**.

**IT IS FURTHER ORDERED** that if the parties fail to file the appropriate stipulation with regard to the award of expenses to NHPMN by **January 20, 2010**, then NHPMN's counsel shall file, on or before **January 27, 2010**, an affidavit outlining the parties' attempts to reach an agreement with regard to the award of expenses to NHPMN and itemizing the expenses, including attorney's fees, that NHPMN incurred in making the motion to compel.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall have until **February 17, 2010** to file a response to the affidavit.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of December 2009.

                                            s/ David J. Waxse
                                            David J. Waxse
                                            U.S. Magistrate Judge

cc:    All counsel and *pro se* parties