## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,     )
    )
              Plaintiff,     )
    )     **CIVIL ACTION**
v.     )     No. 07-2233-KHV
    )
STACY STURDEVANT, et al.,     )
    )
              Defendants.     )
_____)

## MEMORANDUM AND ORDER NUNC PRO TUNC

The United States of America brings suit against Stacy Sturdevant, AIMCO Properties L.P.,

AIMCO-GP, Inc., Apartment Investment and Management Company d/b/a AIMCO, NHPMN

Management, LLC and NHP Management Company.[1] Plaintiff claims that defendants violated Title

VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988

("FHA"), 42 U.S.C. §§ 3601 et seq. See First Amended Complaint (Doc. #51) filed September 18,

2008. This matter comes before the Court on the AIMCO Entities' Motion To Strike Shantelle

Robinson (Doc. #328) filed September 23, 2009. The AIMCO Entities ask the Court to prevent

plaintiff from calling as witnesses Robinson and any other persons identified in the future. They

also ask the Court to strike all claims on Robinson's behalf because plaintiff identified her as an

"aggrieved person" after the deadline to disclose witnesses. For reasons stated below, the Court

sustains the motion.

## Legal Standards

The Scheduling Order in this case states in relevant part as follows:

---

[1]     The Court collectively refers to all defendants except Sturdevant as the "AIMCO entities."

> Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. **The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.** The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

See Scheduling Order (Doc. #92) at 7-8 (emphasis added). Fed. R. Civ. P. 26(a) requires parties to disclose the names of all individuals and information that they may use to support their claims or defenses, and Rule 26(e) requires parties to timely supplement all disclosures made under 26(a). Under Rule 37(c)(1), a party who fails to provide information or identify a witness under Rule 26(a) or (e) may not be allowed to use that information or witness to supply evidence at trial unless the failure is substantially justified or is harmless. See Doctor John's v. Wahlen, 542 F.3d 787, 790 (10th Cir. 2008).

Unless a party shows that its failure to comply with Rule 26(a) was substantially justified or harmless, the Court must exclude the undisclosed evidence at trial. See Fed. R. Civ.P. 37(c)(1); In re Cessna 208 Series Aircraft Prods. Liab. Litig., No. 05-MD-1721-KHV, 2008 WL 4937651, at *3 (D. Kan. Nov. 17, 2008) (citing Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); Cuenca v. Univ. of Kan., No. 98-4180-SAC, 2001 WL 789404, at *3 (D. Kan. May 14, 2001)

(exclusion automatic and mandatory unless violation of Rule 26(a) justified or harmless); and Hirpa v. IHC Hosps., Inc., 149 F. Supp.2d 1289, 1294-95 (D. Kan. 2001) (burden to show substantial justification or harmlessness on party who failed to make required disclosure)).  The failure to disclose is harmless when the party entitled to disclosure is not prejudiced.  Id. (citing Umbenhower v. Copart, Inc., 222 F.R.D. 672, 675 (D. Kan. 2004)).  The Court need not make explicit findings whether nondisclosure was justified or harmless, and should use its discretion in evaluating the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-Am. Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996)).

Defendants argue that they are prejudiced by plaintiff's untimely disclosure because they did not have an opportunity to depose Robinson and, more significantly, they did not have an opportunity to ask other deponents questions about her.  They argue that plaintiff's untimely disclosure was not substantially justified because plaintiff knew about Robinson for 18 months before disclosing her after the deadline to supplement disclosures, two weeks before the close of discovery.

**Factual and Procedural Background**

On June 1, 2007 plaintiff filed its original complaint seeking damages on behalf of Melissa Kothe for retaliation by Stacy Sturdevant at Central Park Towers Apartments ("CPT"). On September 18, 2008 plaintiff amended its complaint to allege that defendants violated the Fair Housing Act by engaging in a "pattern or practice" of race discrimination.  42 U.S.C. § 3614(a).

Specifically, plaintiff contends that Sturdevant engaged in a pattern and practice of discrimination by displaying and distributing racially offensive materials, making racially hostile remarks to and about African-American residents, treating African-American residents less favorably than white residents and engaging in other racially discriminatory conduct.

Plaintiff has identified approximately 40 "aggrieved persons" who allegedly suffered harm on account of Sturdevant's conduct. Since at least January 11, 2008, when AIMCO produced a letter which identified Robinson as an employee whom Sturdevant had written up during her tenure at CPT, plaintiff has known that Robinson might be a potential witness. Plaintiff nonetheless omitted Robinson from its initial Rule 26 disclosures and its three supplemental disclosures served February 23, March 6 and July 23, 2009. Consequently, AIMCO did not try to locate Robinson or seek to depose her or ask other deponents about her.

On September 16, 2009 (after the deadline to supplement Rule 26 disclosures, 16 days before the close of discovery), by email to defense counsel, plaintiff identified Robinson as an additional witness.[2] On September 18, 2009, plaintiff served its fourth supplemental disclosures which disclosed Robinson as both a witness and an allegedly aggrieved person on whose behalf it was seeking damages for emotional distress.

## Analysis

### A.    Prejudice

Defendants argue that they are prejudiced by plaintiff's untimely disclosure because plaintiff identified Robinson only 16 days before the close of discovery on October 2, 2009 despite having

---

[2]    The Scheduling Order (Doc. #92) required the parties to move to join additional parties by January 15, 2009 and supplement initial Rule 26 disclosures by August 24, 2009 (40 days before discovery closed on October 2, 2009).

-4-

known of her existence for more than 18 months. Plaintiff denies prejudice, arguing that because it disclosed Robinson before the discovery deadline, more than six months before trial, defendants have plenty of time to depose her and to reopen other depositions to ask questions about her. Defendants list scheduling conflicts which prevented defense counsel from conducting last minute discovery in this case. They argue that the prejudice cannot be cured because moving the discovery deadline to allow this out-of-time deposition and to reopen numerous other deadlines would impact other already tight deadlines for expert depositions, expert reports, pretrial statements, the pretrial conference and potentially the trial date.

The Court agrees that defendants are prejudiced by plaintiff's untimely disclosure, which can only be cured by allowing out-of-time deposition of Robinson and reopening numerous other depositions – at substantial cost and inconvenience to defendants, with attendant delay with other pretrial proceedings and possibly the trial, which is set for April 5, 2010. See Bell v. City of Topeka, No. 06-4026-JAR, 2007 WL 628188, at *2 (D. Kan. Feb. 26, 2007) (striking witnesses and exhibits identified 18 days before close of discovery). Plaintiff's untimely disclosure is not harmless.

### B.      Substantial Justification

Defendants argue that plaintiff's untimely disclosure is not substantially justified because they knew that Robinson was a potential witness more than 18 months before they disclosed her. Plaintiff responds that it did not disclose Robinson because it could not locate her until September 11, 2009. Plaintiff argues that until it located her, it did not know what information she possessed or whether she likely had "discoverable information" that plaintiff would use to support its claims.

Plaintiff's argument is unpersuasive. The Scheduling Order and Rule 26 require parties to disclose the names of all individuals and information that they *may use* to support their claims or defenses – precisely to prevent this situation: the surprise addition of a person that both parties have known for some time might have relevant information. Had plaintiff included Robinson's name on earlier disclosures, defendants may very well have taken steps to locate her. While the Court does not explicitly find bad faith, plaintiff's failure to disclose Robinson was clearly willful.

The Court therefore agrees that defendants are prejudiced by this last minute disclosure and that plaintiff was not substantially justified in disclosing Robinson as a witness or aggrieved person after the deadline to supplement their disclosures. Robinson is therefore stricken as a witness, and the Court strikes plaintiff's claim for damages on Robinson's behalf.

**IT IS THEREFORE ORDERED** that the AIMCO Entities' Motion To Strike Shantelle Robinson (Doc. #328) filed September 23, 2009 be and hereby is **SUSTAINED.**

Dated this 17th day of February, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge