**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STACY STURDEVANT, et al., ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br> No. 07-2233-KHV |

## MEMORANDUM AND ORDER

The United States of America brings suit against Stacy Sturdevant, AIMCO Properties L.P., AIMCO-GP, Inc., Apartment Investment and Management Company d/b/a AIMCO ("AIMCO"), NHPMN Management, LLC, NHP Management Company and Central Park Towers II, L.P. ("CPT II") under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601 et seq.[1] See First Amended Complaint (Doc. #51) filed September 18, 2008. This matter comes before the Court on the United States' Application For Default Judgment, Civil Penalty And Injunctive Relief Against Stacy Sturdevant (Doc. #464) filed April 14, 2010. The United States requests default judgment against Stacy Sturdevant. For reasons stated below, the Court sustains the application.

## Legal Standards

Under Rule 55(b), Fed. R. Civ. P., the Court may enter judgment by default upon plaintiff's application after entry of default. The Court may enter default judgment without a hearing unless "it is necessary to take an account or to determine the amount of damages or to establish the truth

---

[1] The Court refers collectively to AIMCO Properties L.P., AIMCO, NHPMN Management, LLC, NHP Management Company and CPT II as the corporate defendants.

of any averment by evidence or to make an investigation of any other matter." Fed. R. Civ. P. 55(b)(2); see also Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (where claimed damages capable of mathematical calculation, court may enter default judgment without hearing). The Court may also order injunctive relief through default judgment. See Meitler Consulting, Inc. v. Dooley, No. 05-2126-DJW, 2006 WL 4041752, at *4 (D. Kan. Nov. 1, 2006) (entering default judgment as to injunctive relief); Hamstein Music Co. v. Bait Shack, Inc., No. 00-4099-RDR, 2001 WL 311186, at *1 (D. Kan. Feb. 12, 2001) (finding request for injunctive relief proper under Rule 55(b)(2)).

**Procedural Background**

On June 1, 2007, the United States filed suit against Stacy Sturdevant and AIMCO Properties L.P. for violation of the FHA. On July 13, 2007, the United States personally served Sturdevant with the summons and complaint. On September 4, 2007, Sturdevant filed a timely answer.

On September 18, 2008, with the Court's permission, plaintiff filed an amended complaint. See First Amended Complaint (Doc. #51) filed September 18, 2008. The amended complaint added new claims under the FHA and also added the following defendants: AIMCO, NHPMN Management, LLC, NHP Management Company and CPT II. Pursuant to Rule 12(a)(1), Sturdevant had 20 days, or until October 8, 2008 to file a response.[2] Sturdevant did not respond to the amended complaint.

On May 1, 2009, the Court sustained plaintiff's application for entry of default against

---

[2] On September 25, 2008, plaintiff filed a motion which requested the Court to find that by electronically serving the amended complaint on Sturdevant's counsel of record, it had properly served the amended complaint on Sturdevant. See Doc. #54. The Court agreed, finding that on September 18, 2008, plaintiff had served the amended complaint on Sturdevant pursuant to Fed. R. Civ. P. 5(b)(1) and D. Kan. Rule 5.4.2. See Doc. #61.

Sturdevant. See Memorandum And Order (Doc. #137). Plaintiff's claims against the corporate defendants have been resolved by consent orders. See Consent Order (Doc. #456) filed February 24, 2010; Consent Order (Doc. #355) filed October 6, 2009.

**Analysis**

Plaintiff seeks default judgment against Stacy Sturdevant. For substantially the reasons stated in the United States' Application For Default Judgment, Civil Penalty And Injunctive Relief Against Stacy Sturdevant (Doc. #462), the Court finds that default judgment is appropriate under Rule 55(b) of the Federal Rules of Civil Procedure. Sturdevant engaged in a pattern and practice of racial discrimination such that discrimination was her "standard operating procedure." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977). Based on the evidence submitted by the government, which Sturdevant has not contested, the Court assesses a $55,000.00 civil penalty against Stacy Sturdevant for her abhorrent behavior in violating the Fair Housing Act. See United States v. Shen, 108 F.3d 1387, 1997 WL 119494, at *2 (9th Cir. 1997) (upholding maximum civil penalty where racial discrimination was egregious, deliberate and carried on for years); HUD v. Blackwell, 908 F.2d 864, 873 (11th Cir. 1990) (upholding ALJ award of maximum civil penalty against defendant who refused to sell home to African-American couple). Because of her egregious conduct and the risk of future violations, the Court permanently enjoins Stacy Sturdevant from working in any capacity in rental housing.[3] See 42 U.S.C. § 3614(d)(1)(A) (court may award preventive relief including a permanent injunction to assure full enjoyment of rights granted by Fair

---

[3] In a prior order, the Court rejected the government's request for injunctive relief against the AIMCO defendants because the government did not show that the pattern or practice of discrimination extended beyond Sturdevant's conduct. See Memorandum And Order (Doc. #415) at 10. In contrast, as to Sturdevant, the Court finds that injunctive relief is necessary to protect against the risk of future violations of the Fair Housing Act.

Housing Act); Morgan v. HUD, 985 F.2d 1451, 1460 (10th Cir. 1993) (goal of injunctive relief is to deter possible future violations and remove lingering effects of past discrimination); United States v. Mills, No. 00-276-SM, Consent Order (D.N.H. Nov. 13, 2001) (enjoining future involvement in ownership or management of rental housing properties), attached as Exhibit AAA to the United States' Application For Default Judgment (Doc. #464); see also Chao v. Merino, 452 F.3d 174, 185 (2d Cir. 2006) (upholding injunction which prohibited defendant from serving as fiduciary or service provider to employee benefit plan).

**IT IS THEREFORE ORDERED** that the United States' Application For Default Judgment, Civil Penalty And Injunctive Relief Against Stacy Sturdevant (Doc. #464) filed April 14, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that a civil penalty of $55,000.00 is assessed against Stacy Sturdevant for her violation of the Fair Housing Act, 42 U.S.C. § 3614.

**IT IS FURTHER ORDERED** that Stacy Sturdevant is permanently enjoined from working in any capacity in rental housing.

Dated this 13th day of May, 2010 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>Kathryn H. Vratil
>United States District Judge